### YATES *against* LANSING and others.

THIS was a joint action of *trespass* against three defendants. A judgment by default, for want of a plea, was obtained in *August,* 1810, against one of the defendants.

*In a joint action of* trespass *against three defendants, one of them suffered judgment to pass by default, and it was held that the other defendants could not obtain a judgment as in case of nonsuit, for not proceeding to trial; as the plaintiff, in such case, cannot be nonsuited.*

ALBANY,
August, 1811.

THE PEOPLE
v.
RUGGLES.

fendants. (*S. Southwick.*) The other two defendants pleaded.

A motion was now made by *Lansing*, one of the other defendants, for judgment as in case of nonsuit, for not bringing the cause to trial.

It appeared that in *August* term last, the *venue* had been changed from *New-York* to *Albany;* but that the declaration filed in the cause was not altered or amended accordingly, nor was any new declaration required or served.

*Per Curiam.* As this was a joint action of trespass against three defendants, and one suffered judgment by default, the other defendants cannot obtain judgment, as in cases of nonsuit, for the plaintiff cannot be nonsuited in such a case. He cannot be out of court as to the defendant who suffered judgment by default. The authorities to this point are, *Weller* v. *Goyton* and *Walker*, (1 *Burr.* 358.) and *Harris* v. *Butterley*, &c. (*Cowp.* 483.) It becomes, therefore, unnecessary to examine whether the defendants are prevented, by the circumstances attending the change of the *venue*, from making the motion at present.

Motion denied.